## COWHIG v. NATIONAL MILITARY ESTABLISHMENT et al.

### Civ. A. No. 2452–48.

United States District Court
District of Columbia.

Jan. 14, 1953.

---

520

---

Joseph W. Worthen, Boston, Mass., Allen H. Gardner, Washington, D. C., for plaintiff.

Charles M. Irelan, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., Joseph A. Sommer, Sp. Asst. to Atty. Gen., for defendants.

MORRIS, District Judge.

Subsequent to the order of severance, entered on the 16th day of November, 1951, evidence was submitted and briefs filed by the respective parties. On June 27, 1952, a memorandum opinion was filed by me in this case, deciding one of the issues which the Court considered at that time to be dispositive of the claims of the plaintiff. Upon reconsideration, however, the Court concluded that such decision was not necessarily dispositive, and the remaining issues enumerated in the order of severance should be determined. The memorandum of June 27, 1952, above referred to, was modified accordingly and, as modified, is reported in 105 F.Supp. 807. Upon further consideration of the evidence and the briefs submitted by counsel for the respective parties, I have reached the following conclusions respecting the issues stated:

1a. I am of the view that the plaintiff is precluded from any relief claimed under the War Contract Hardship Claims Act, commonly known as the Lucas Act, Act Aug. 7, 1946, 41 U.S.C.A. § 106 note, by settlement agreement executed on October 11, 1946, between the United States, represented by the Office of Scientific Research and Development, and the plaintiff, which settlement agreement was also executed by the receiver of the White Re-

search Associates, with respect to any losses arising out of or in connection with the contract designated as OEMsr–1211, dated November 15, 1943, executed by the Office of Scientific Research and Development and the plaintiff.

■ I cannot agree with the contention of the plaintiff that this settlement agreement does not bar recovery under the Lucas Act because of the provisons in such Act that "a previous settlement under the First War Powers Act, 1941, or the Contract Settlement Act of 1944 shall not operate to preclude further relief otherwise allowable under this Act." It is obvious that at the time the settlement agreement was made the provisions of the Lucas Act were in force, and the settlement agreement extinguished all rights of the plaintiff and the receiver to any equitable relief created or allowed by the Lucas Act, as well as any other rights which the plaintiff or receiver might have had against the United States with respect to, or arising out of, the contract concerning which settlement was made.

■ 1b. I am of the view that the written statements, or requests for relief, filed by the plaintiff on or before August 14, 1945, with respect to contract designated OEMsr–1211, dated November 15, 1943, between the Office of Scientific Research and Development and the plaintiff and contract designated Nobs 14580, dated May 18, 1944, between the Bureau of Ships, Navy Department, and the plaintiff, sufficiently apprised the appropriate governmental authorities that the plaintiff had suffered losses for which relief other than that afforded to plaintiff as a matter of legal right was being sought. It appears that certain relief by way of changes in the contracts, without further obligation on the part of the plaintiff, was granted, and with respect to the contract Nobs 14580 a supplemental contract, Nobs 21054, dated June 4, 1945, was executed, affording to the plaintiff an expected profit to offset losses claimed to have been incurred in connection with the original contract. It seems clear that neither such claims nor such action were based upon or granted as a matter of legal obligation. This con-

clusion is not intended to imply that the plaintiff suffered losses, without negligence on his part, for which he is entitled to further equitable relief. In view of my conclusion on issue 1a, he is not entitled to relief with respect to contract OEMsr–1211, and with respect to contract Nobs 14580 a hearing on the merits would necessarily have to be had to determine whether or not the plaintiff is equitably entitled to any further relief.

■ 1c. The issue as to whether the plaintiff would be precluded from any part of the claimed relief if final action was taken on or before August 14, 1945, is grounded upon the question of whether or not paragraph 204 of Executive Order 9786, issued by the President on October 5, 1946, U.S.Code Cong.Service 1946, p. 1851, precludes such recovery. That paragraph reads in relevant part as follows:

"204. No claim for loss under any contract or subcontract of a war agency shall be * * * considered if final action with respect thereto was taken on or before that date."

The decisions of the federal District Courts on the validity of this regulation are not in harmony. Some of those courts have held that the regulation is a valid one, and others, following the decisions of the Court of Claims, have held that the regulation, while intended to control the action of the administrative agencies considering claims under the Lucas Act in the first instance, cannot and does not have validity on the action of a court to which, by the Lucas Act, is committed the task of determining whether or not the claimant is entitled to equitable relief for losses incurred, concerning which he has made previous claim to the appropriate governmental agency. Judges Bailey and Holtzoff of this Court have followed the latter view, as I have also in previous decisions, and I do not find anything in the case of Fogarty v. U. S., 340 U.S. 8, 71 S.Ct. 5, 95 L.Ed. 10, which compels a different view. The Court of Claims, in repeated decisions since the Fogarty case, has adhered to the views previously adopted by that Court.

I do not think this regulation is controlling in the instant case, and I, therefore, conclude that the plaintiff is not precluded by reason thereof from any relief to which he would otherwise be entitled.

■ 1d. The issue as to whether the plaintiff would be precluded from any part of the claimed relief if the governmental agency considering the claim fails to find that, if final action thereon had been taken by such agency on or before August 14, 1945, such relief would have been granted is grounded upon the question of whether or not paragraph 307 of Executive Order 9786, supra, precludes such recovery. That paragraph reads in relevant part as follows:

"307. Relief with respect to a particular loss claimed shall not be granted under the Act and these Regulations unless the war agency considering the claim finds, or, in case such loss was incurred under the contracts and subcontracts of another war agency, such other war agency finds, that relief would have been granted under the First War Powers Act, 1941, if final action with respect thereto had been taken by the war agency on or before August 14, 1945."

I do not consider this regulation controlling for the reasons stated in connection with the regulation discussed in paragraph 1c above. In my opinion, it does not preclude the relief to which the plaintiff would otherwise be entitled.

1e. This issue was resolved in the memorandum opinion filed June 27, 1952.

1f. From the conclusions reached with respect to the identity of the plaintiff in his individual and so-called trustee capacity, it follows that there can be no recognition of the difference in interest for the purposes of the Lucas Act between his individual and so-called trustee interest. In my view, he cannot recover for any losses, even if otherwise entitled thereto, if profits on other contracts offset losses on those for which claim is made.

1g, h, i. These issues are sufficiently determined by what has been said in the

522

memorandum opinion of June 27, 1952, and in paragraph 1f above.

Counsel will prepare appropriate findings and orders to carry the decisions here made into effect.